■ SHEILA C. STONE, Appellant-Respondent, v. DAVID J. STONE, Respondent-Appellant.— In an action for separation, (1) plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County, entered March 28, 1974, after a nonjury trial, as granted defendant a divorce, upon a counterclaim; failed to award plaintiff a separation; fixed the amounts of alimony and child support; limited the award to plaintiff of exclusive possession of the marital premises until the youngest child shall reach the age of 18 years; and deferred payment of an award to plaintiff of a counsel fee and expenses until such time as the marital premises are sold; and (2) defendant cross-appeals from so much of the judgment as fixed his visitation privileges; provided that the award of alimony and child support is exclusive of " extraordinary medical or dental expenses, extraordinary repairs to the marital premises "; and made provision with respect to payment of the children's parochial school tuition. Judgment modified, on the law and the facts, by (1) deleting the first decretal paragraph thereof, which granted the divorce, and substituting therefor a provision granting plaintiff a separation; (2) increasing the alimony award to $30 per week and the child support award to $30 per week per child; (3) deleting the decretal provision deferring payment of the award of counsel fee and expenses; and (4) adding to the seventh decretal paragraph, after the words " until the youngest child reaches the age of eighteen ", the following: " or until the further order of the court ". As so modified, judgment affirmed insofar as appealed from, with costs to plaintiff. The award of the counsel fee and expenses shall be paid within 30 days after service of a copy of the order to be entered hereon, with notice of entry. It was error to grant the husband's counterclaim for divorce. The stipulation which the parties made in open court in the Family Court, wherein the husband agreed to vacate the marital premises, was not, unlike the stipulation in *Martin* v. *Martin* (63 Misc 2d 530), intended by the parties to be a separation agreement. Even were the stipulation to be regarded as a separation agreement, no divorce could be granted, as no record of the stipulation was filed in the office of the County Clerk (Domestic Relations Law, § 170, subd. [6] ; cf. *Becker* v. *Becker,*

44 A. D 2d 676; *Liebling* v. *Liebling*, 76 Misc 2d 465). The wife's uncontradicted testimony of a series of beatings administered by the husband entitles her to a judgment of separation (Domestic Relations Law, § 200, subd. 1; *Jemzura* v. *Jemzura*, 29 A D 2d 797, affd. 26 N Y 2d 1021). The deferral of the payment by the husband of the counsel fee and expenses until the happening of an uncertain event was, in the circumstances of this case, an improvident exercise of discretion. The award for alimony and child support was insufficient to the extent indicated herein. We do not find the judgment inconsistent with Special Term's decision. The provision in the seventh decretal paragraph, with respect to plaintiff's occupancy of the marital home "until the youngest child reaches the age of eighteen", should be further enlarged so as to provide that a further order of the court may be sought. Cohalan, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.