OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Following his conviction of a felony resulting in a prison sentence, petitioner applied to Family Court for a modification of a child support obligation fixed in a prior support order. Family Court denied petitioner’s application, concluding that it would be unfair for an individual who had freely chosen to commit a crime to be relieved from the accrual of a support obligation. The court thus decided the support order should remain in effect during the period of petitioner’s incarceration, but held that at the time of petitioner’s release, it would determine whether to enter judgment on the entire amount due, or to forgive part of the arrears that had accumulated since the filing of the application. The Appellate Division affirmed, concluding that Family Court had not abused its discretion.
In exercising its discretion whether to modify a child support order, Family Court may consider various factors, including "a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent” (Matter of Brescia v Fitts, 56 NY2d 132, 141 [citations omitted]; see, Family Ct Act § 451; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 451, at 341). Significantly, the court may consider whether a supporting parent’s claimed financial difficulties are the result of that parent’s intentional conduct (see, e.g., Matter of Doscher v *867 Doscher, 54 NY2d 655, affg 80 AD2d 945 [supporting parent’s lower income attributable to voluntary decision to accept less lucrative employment]; Weinberg v Weinberg, 95 AD2d 828 [supporting parent’s financial difficulties direct result of debts incurred through gambling]). Here, it is undisputed that petitioner’s current financial hardship is solely the result of his wrongful conduct culminating in a felony conviction and imprisonment. Thus, it cannot be said that Family Court abused its discretion in determining that these "changed financial circumstances” warranted neither a reduction of petitioner’s child support obligation nor a suspension in the accrual of the support payments during the period of petitioner’s incarceration.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacosa and Dillon* concur.
Order affirmed, with costs, in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.