■ DOLPHINE M. ROMANOUS, Respondent, v AMIJIAN B. ROMANOUS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered February 22, 1990, which, *inter alia,* (1) directed him to pay the plaintiff wife $175 per week temporary child support, (2) directed him to pay $75 per week in temporary maintenance, (3) awarded the plaintiff temporary exclusive occu-

pancy of the marital residence and directed the plaintiff to manage the residence until the defendant's release from prison, and (4) continued a temporary injunction issued November 17, 1989, which enjoined the defendant, *inter alia,* from selling, conveying, or encumbering the marital residence.

Ordered that the order is affirmed, with costs.

The husband contends that the award to the wife of pendente lite maintenance in the amount of $75 per week and pendente lite child support in the amount of $175 per week is excessive since he is incarcerated and thus has insufficient income to meet those obligations. The husband's incarceration, however, is the result of a manslaughter conviction for having killed the wife's brother. Accordingly, the husband may not seek to evade his support obligations based on this self-imposed hardship *(see, Matter of Knights v Knights,* 71 NY2d 865). Rather, his remedy for alleviating perceived inequities in the pendente lite support order is to expeditiously proceed to trial *(see, Guiry v Guiry,* 159 AD2d 556; *Wesler v Wesler,* 133 AD2d 627).

We have reviewed the husband's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.