SECOND DEPARTMENT, FEBRUARY, 1995

(February 6, 1995)

■ JOHN W. ANDERSON, Appellant, v ESTELLE A. ANDERSON, Respondent. [623 NYS2d 119] —In a matrimonial action in which the parties were divorced by a judgment dated March 23, 1981, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 1, 1993 which, *inter alia,* without a hearing, denied his motion for a downward modification of his support obligations.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The parties, who were married in 1972, entered into a stipulation of settlement in 1979, the terms of which were incorporated but not merged into a judgment of divorce dated March 23, 1981. The parties subsequently entered into an amendment to the stipulation in March 1990 and substantially complied with its terms, until the former husband allegedly was rendered legally blind as a result of health problems.

Thereafter, the former husband moved for downward modification of his support obligations and the former wife cross-moved for a money judgment for arrears in both maintenance and child support. The court granted the cross motion and denied the former husband's motion, without a hearing, on the ground that he had failed to make the requisite showing of extreme hardship or a substantial unanticipated change in circumstances.

Here, the former husband has come forward with a sufficient showing requiring a hearing to determine whether there exists an extreme hardship and a substantial and unanticipated change in circumstances so as to warrant a modification of his support obligations *(cf., Schnoor v Schnoor,* 189 AD2d 809). The former husband may submit proof of any alleged discrepancies regarding the arrears he owes at the hearing *(see, Wiggins v Wiggins,* 121 AD2d 534) so that the court can, if necessary, recalculate those arrears consistent with its

findings at the hearing. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.