■ SALVATORE FRASCA, Respondent, v SUSAN FRASCA, Appellant. [624 NYS2d 259] —In an action for divorce and ancillary

relief, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Fierro, J.), dated February 22, 1994, which granted the plaintiff's motion to suspend his pendente lite maintenance and child support obligations, and (2) as limited by her brief, from so much of an order of the same court, dated July 20, 1994, as denied the branches of her motion which were for (i) leave to amend the answer to add a counterclaim for a divorce pursuant to Domestic Relations Law § 170 (6), and (ii) summary judgment on the proposed counterclaim for a divorce.

Ordered that the order dated February 22, 1994, is reversed, on the law, and the plaintiff's motion is denied; and it is further,

Ordered that the order dated July 20, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion by suspending the plaintiff's pendente lite maintenance and child support obligations contained in a stipulation into which the parties had entered in open court (*Lamberson v Lamberson*, 208 AD2d 601). The record reveals that the plaintiff's alleged economic hardship is premised upon the fact that he has been convicted of a crime and sentenced to several years imprisonment. Since the plaintiff's financial difficulty is the result of a self-created hardship, we find that he is not entitled to a suspension of his support obligations (*see, Matter of Knights v Knights*, 71 NY2d 865, 866-867; *Romanous v Romanous*, 181 AD2d 872, 873; *see also, Anderson v Anderson*, 212 AD2d 492; *Lamberson v Lamberson, supra*).

We agree with the Supreme Court that the parties' stipulation, which was intended to set forth their respective pendente lite obligations, is not a separation agreement within the meaning of Domestic Relations Law § 170 (6) for the purpose of granting the defendant a so-called conversion divorce (*see, e.g., Stone v Stone*, 45 AD2d 967). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.