KAREN Z. SINT, Respondent, v STEVEN SINT, Appellant. [639 NYS2d 101]

The order appealed from grants the wife a conversion divorce based upon a written stipulation entered into by the parties in a prior matrimonial action, which was signed by the parties, acknowledged, and filed in the office of the Nassau County Clerk. The stipulation stated, in pertinent part, that "the parties are desirous of settling and disposing of several issues pendente lite", awarded the wife "temporary custody" of the parties' children "without prejudice to a final determination of the issue of custody", and awarded the wife exclusive possession of the marital residence, but stated that the husband was moving out of the marital residence solely at the request of his wife.

In 1993, the cause of action for a divorce in the prior action was dismissed, and by order dated October 14, 1993, the Supreme Court transferred the ancillary issues to the Family Court, where the matter is still pending (see, Meier v Meier, 156 AD2d 348; Naughton v Naughton, 92 AD2d 914; Domestic Relations Law § 251).

A clause explicitly stating that the parties shall live separate and apart pursuant to the agreement is not a prerequisite to a valid agreement of separation pursuant to Domestic Relations Law § 170 (6) (see, Littlejohns v Littlejohns, 76 Misc 2d 82, affd 42 AD2d 957; see also, Morhaim v Morhaim, 44 NY2d 785). However, in this case, the agreement is not only silent on the parties' intent to live separate and apart pursuant to the agreement; it contains affirmative language that its purpose was to settle issues pendente lite (see, Frasca v Frasca, 213 AD2d 589) pending final resolution of the matrimonial action. Accordingly, the court improperly granted the wife's motion and should have granted the branch of the husband's cross motion which was to dismiss the complaint.

However, the husband was properly denied counsel fees *(see, Farca v Farca,* 216 AD2d 520). O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.