■ JAMES H. AREGANO, Appellant, v LAUREY J. AREGANO, Respondent. [735 NYS2d 325] —Judgment unanimously affirmed without costs. Memorandum: The parties were married in 1985 and five children were born of the marriage. In April 1999 plaintiff commenced a divorce action, and defendant counterclaimed for a divorce on the ground of abandonment. The parties thereafter stipulated to a divorce based on the counterclaim. In October 1999 the parties entered into a separation agreement in which the parties agreed that "[t]he Wife will accept $0.00 as child support at this time." The judgment of divorce nevertheless ordered plaintiff to pay $25 per month as support for the parties' four unemancipated children retroactive to April 1999.

Plaintiff is correct that a state is prohibited from enacting child support guidelines that impose "an irrebuttable mandatory minimum" amount of child support (*Matter of Rose v Moody*, 83 NY2d 65, 69, *cert denied sub nom. Attorney Gen. of N. Y. v Moody*, 511 US 1084; *see*, 42 USC § 667 [b] [2]). Here, however, Supreme Court did not order child support in the amount of $25 as the mandatory minimum pursuant to subdivision (1) (g) of Family Court Act § 413 (*cf., Matter of Deborah A. D. v David E. C.*, 217 AD2d 1005, 1005-1006). Rather, the court ordered that amount pursuant to subdivision (1) (a) of Family Court Act § 413, which provides that "the parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or *able to earn such means*, shall be required to pay for child support a fair and reasonable sum as the court may determine [emphasis added]." "[A] parent's child support obligation is not necessarily determined by his or her existing financial situation but, rather, by his or her ability to provide support" (*Matter of Lutsic v Lutsic*, 245 AD2d 637, 638). Consequently, the court

did not abuse its discretion in ordering plaintiff to pay child support in the amount of $25 per month (*see, Parry v Parry,* 93 AD2d 989, 990). (Appeal from Judgment of Supreme Court, Onondaga County, Paris, J.—Matrimonial.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.