[741 NYS2d 622]

In the Matter of ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of GLORIA T., Appellant, v TIMOTHY S., Respondent.

Fourth Department, May 3, 2002

**APPEARANCES OF COUNSEL**

*David M. Stanton*, Syracuse, for appellant.

*Frank H. Hiscock, Legal Aid Society,* Syracuse (*Robert P. Rickert* of counsel), for respondent.

BURNS, J.

In 1991 an order of support was entered requiring respondent Timothy S. to pay child support for his three children. In 1993 he was incarcerated and was not released until the year 2000. During that period of incarceration, arrears accrued on the 1991 order of support. Upon his release, Timothy S. petitioned Family Court to modify the child support order due to a change in circumstances and sought to be relieved of the arrears that had accumulated while he was incarcerated.

In 1995 an order of support was entered requiring respondent Derrick H. to pay support for his child but shortly thereafter he was incarcerated. He was released in January 2000 to home confinement, which ended in May 2000. At that time, Derrick H. petitioned Family Court to modify the child support order and to be relieved of the arrears that had accumulated while he was incarcerated.

Both matters were referred to the same Hearing Examiner in Family Court, Onondaga County. The Hearing Examiner granted that part of each petition seeking modification, determining that modification was appropriate based upon changed circumstances. The Hearing Examiner also granted that part of each petition seeking relief from arrears, finding that the income of each respondent fell below the poverty level while each was incarcerated and that respondents therefore were entitled to the benefit of the provision in Family Ct Act § 413 (1) (g) limiting the maximum amount of child support arrears that may accrue.

Petitioner, Onondaga County Department of Social Services (DSS), which had been paying benefits for respondents' children to the mothers of the children, filed objections to the Hearing Examiner's orders only with respect to the application of Family Court Act § 413 (1) (g). Family Court denied the objections determining that the child support arrears owed by respondents could not exceed $500 during their respective periods of incarceration. These appeals ensued. We agree with DSS that Family Court Act § 413 (1) (g) is inapplicable under the circumstances presented here.

We note at the outset that, pursuant to Family Court Act § 451, a court "shall not reduce or annul child support arrears

accrued prior to the making of an application [for relief from such arrears]" (*see Matter of Dox v Tynon,* 90 NY2d 166, 173-174). Pursuant to the 1986 amendment to the Family Court Act, "cancellation of accumulated child support arrears was absolutely prohibited" (*id.* at 176). However, Family Court Act § 451 is not at issue here. Rather, the issue is whether the court erred in determining that respondents' respective incomes were deemed to have "never exceeded the poverty income guidelines" while respondents were incarcerated and thus that "the prohibition against reduction of accrued child support arrears contained in section 451 was not triggered because there were no accrued arrears in excess of $500 to reduce" (*Matter of Blake v Syck,* 230 AD2d 596, 599, *lv denied* 90 NY2d 811).

Family Court Act § 413 (1) (g) provides in pertinent part that, "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount * * *, unpaid child support arrears in excess of five hundred dollars shall not accrue." That statute was found by this Court to apply to a noncustodial parent who had no income during the period in which arrears accrued and who had received a retroactive disability award that still placed his income below the poverty level during the relevant period (*see Blake,* 230 AD2d at 599-600). However, unlike the respondents herein, the noncustodial parent in that case was not incarcerated.

In *Matter of Knights v Knights* (71 NY2d 865, 867), the Court of Appeals determined that Family Court did not abuse its discretion in refusing to reduce petitioner's child support obligation where "it [was] undisputed that petitioner's current financial hardship [was] solely the result of his wrongful conduct culminating in a felony conviction and imprisonment." We subsequently relied on that language in *Knights* in determining that Family Court properly denied the objections to the Hearing Examiner's order without conducting further inquiry into the ability of respondent to pay child support arrears during the period of his incarceration (*see Matter of Ontario County Dept. of Social Servs. v Jackson,* 212 AD2d 1056). The First Department also relied on that language in *Knights* in determining that the Hearing Examiner erred in suspending respondent's support obligation and that Family Court erred in denying petitioner's objections to the Hearing Examiner's decision (*see Matter of Commissioner of Social Servs. v Bayona,* 279 AD2d 305). Pursuant to *Knights,* neither respondent would have been entitled to reduction in child sup-

port while incarcerated, and arrears continued to accrue under the pre-incarceration orders until each order was modified. Thus, we conclude that the Hearing Examiner erred in determining that respondents are entitled to the benefit of Family Court Act § 413 (1) (g) and that the court erred in denying petitioner's objections to the Hearing Examiner's orders. To conclude otherwise would allow an incarcerated noncustodial parent to benefit from the conduct that led to his or her incarceration.

Accordingly, in each appeal the order should be reversed, the objection granted, the order of the Hearing Examiner insofar as it concerns arrears vacated and the matter remitted to Family Court, Onondaga County, to determine the appropriate amount of arrears owed by each respondent and an appropriate repayment schedule for each respondent.

Pigott, Jr., P.J., Pine, Scudder and Gorski, JJ., concur.

Ordered that the order so appealed from be and the same hereby is unanimously reversed, on the law, without costs, the objection is granted, the order of the Hearing Examiner insofar as it concerns arrears is vacated and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the opinion by Burns, J.

In the Matter of Onondaga County Department of Social Services, on Behalf of Charmain M., Appellant, v Derrick H., Respondent. [294 AD2d 27] —Appeal from an order of Family Court, Onondaga County (Martha Walsh Hood, J.), entered January 8, 2001, which denied petitioner's objections to the order of the Hearing Examiner, entered September 14, 2000. Order unanimously reversed, on the law, without costs, the objection is granted, the order of the Hearing Examiner insofar as it concerns arrears is vacated and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the same opinion by Burns, J. as in *Matter of Onondaga County Dept. of Social Servs. v Timothy S.* (294 AD2d 27 [decided herewith]). Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.