OPINION OF THE COURT
Debra J. Kiedaisch, J.
The father objects to the decision and order of the Hearing Examiner, dated September 25, 2002, and entered on the father’s alleged default at a hearing held on August 9, 2002, which order directed the father to pay child support in the amount of $25 per month for E., the child of the father and *516 petitioner’s assignor, F.G.E. was born on July 24, 1998. The father objects that he was not produced at the hearing and afforded the opportunity to defend against the petition.
Based on the written objections received from the father, he is currently an inmate (DIN 98-R-8397) at a New York State correctional facility, namely, Washington Correctional Facility, located at 72 Lock 11 Lane, Comstock, New York. Based on papers in the file it is demonstrated the father was incarcerated at the time he was served with process in this proceeding and at the time of the August 9, 2002 hearing. The father’s incarceration was known to the Hearing Examiner since in the default order entered against the father, dated September 25, 2002, the Hearing Examiner noted the father was incarcerated. The father was, therefore, unable, on his own, to voluntarily attend the hearing and defend against the petition. No order was issued to have the father physically delivered to attend the hearing.
The Hearing Examiner, as noted, entered an order in the amount of $25 per month which is the minimal amount of child support as set forth in the statute under the Child Support Standards Act (CSSA) (see, Family Ct Act § 413 [1] [g]). However, the Court of Appeals has held in the case of Matter of Rose v Moody (83 NY2d 65) that the judicial tribunal adjudicating a child support proceeding is not constrained to issue a minimum support order of $25 per month even though the aforementioned section of the CSSA so states. Rather, the judicial tribunal is at liberty, in the exercise of appropriate judicial discretion as may be based upon the particular circumstances of the case, to grant an order for less than $25 per month child support, even down to $0 child support.
Thus, in addition to the father having been deprived of the right to be present at the hearing, it cannot be ruled out that if given the opportunity to have appeared and participate in the hearing the father may have persuaded the Hearing Examiner that less than $25 per month was appropriate child support under the circumstances of this case. Thus, the failure to allow the father opportunity to attend the hearing and be heard must be deemed prejudicial to the father.
It is further noted that although there is not submitted an affidavit of service of the father’s objections on the petitioner Orange County Department of Social Services (DSS), the objections were mailed in an envelope by the father addressed to DSS, which envelope is postmarked October 8, 2002, date stamped as received by DSS on October 10, 2002, and then *517 forwarded to the Family Court by DSS where they were date stamped as received on October 24, 2002. Therefore, it is amply demonstrated DSS has sufficient notice of the father’s objections. DSS has not submitted any rebuttal to the objections.
As noted, the father is currently an inmate at Washington Correctional Facility, located at 72 Lock 11 Lane, Comstock, New York. It is noted that telephonic hearings involving physically unavailable parties are conducted in the Family Court as a matter of routine in connection with Uniform Interstate Family Support Act proceedings. There is also a procedure adopted by the New York State Department of Correctional Services for conducting telephonic hearings, involving inmates, in New York State correctional facilities.
Accordingly, based on all of the foregoing, it is ordered that the instant objections are granted to the extent the Hearing Examiner’s order, dated September 25, 2002, is vacated; and it is further ordered that the instant proceeding is remanded to the Hearing Examiner for a telephonic hearing de novo on the instant support petition filed on behalf of the mother to be held as soon as practicable with respondent father to be provided access to a telephone and facsimile machine at such correctional facility in which he is incarcerated (currently, Washington Correctional Facility) consistent with the practice of such facility; and it is further ordered that petitioner and petitioner’s counsel shall participate in the hearing from the offices of the Hearing Examiner, Family Court, Orange County; and it is further ordered that the Chief Clerk of the Family Court, Orange County, shall forthwith contact the Inmate Records Officer of Washington Correctional Facility, namely, Lorraine Hunt (telephone number [518] 639-4486, extension 4100), in order to effectuate such telephonic hearing in a manner consistent with this order; and it is further ordered that such documents, including financial disclosure statements and otherwise, as are needed to facilitate the proper conducting of such hearing shall be timely furnished by said Chief Clerk to the parties.