■ In the Matter of MARGARET J. WINN, Respondent, v WAYNE D. BAKER, Appellant. [768 NYS2d 708]—

Kane, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered October 9, 2000, which granted petitioner's application, in a proceeding pursuant to

Family Ct Act article 4, for an order directing respondent to pay child support.

Petitioner commenced this proceeding seeking support for the parties' child. After a hearing, the Support Magistrate ordered, among other things, that respondent pay $82 weekly as his basic child support obligation and $33.11 weekly for child care, and established over $12,000 in arrears. Because respondent was incarcerated at the time of the hearing and earning $.45 a day, the Support Magistrate imputed income to respondent based on his salary before his arrest. Respondent filed objections to this order. Respondent appeals from Family Court's denial of those objections.

Family Court correctly denied respondent's objections. New York courts will not countenance a reduced child support award where a parent's financial hardship results from his or her own intentional and wrongful conduct resulting in incarceration (*see Matter of Knights v Knights,* 71 NY2d 865, 866-867 [1988]; *Matter of Furman v Barnes,* 293 AD2d 781 [2002]). Granting respondent decreased child support payments based on his incarceration after his conviction of felony driving while intoxicated would permit him to benefit from his wrongful conduct to the detriment of his child (*see Matter of Onondaga County Dept. of Social Servs. v Timothy S.,* 294 AD2d 27, 30 [2002]).

Family Court properly rejected respondent's attempt to reduce his preincarceration income by deducting unreimbursed employee business expenses pursuant to Family Ct Act § 413 (1) (b) (5) (vii) (A). Respondent submitted his tax return, which included tax deductions for business expenses totaling $13,002, nearly half his salary. The court was not required to accept the figures on his income tax return (*see Matter of Duguay v Paoletti,* 279 AD2d 767, 768 [2001]). Based on the lack of substantiation for these deductions, in the form of receipts or other business records, the court properly declined to reduce respondent's income by the claimed amount (*see La Porte v La Porte,* 263 AD2d 585, 587 [1999]; *Faber v Faber,* 206 AD2d 644, 645 [1994]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.