■ In the Matter of VERMONT DEPARTMENT OF SOCIAL WELFARE, on Behalf of LYNN T., Respondent, v LOUIS T., Appellant. [809 NYS2d 21]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about September 2, 2003, which, to the extent appealed from, denied respondent father's request for termination or modification of a 1985 order of child support, unanimously affirmed, without costs.

Respondent claims that his child support arrears should be reduced or annulled because petitioner (1) advised that his incarceration did not affect his obligation to pay, and (2) failed to notify him, and he was unaware, that he could petition the court to modify the order of support. This claim is unpreserved, and we decline to review it. Were we to do so, we would not agree that strict application of section 451 of the Family Court Act would result in a "grievous injustice" to respondent (*cf. Matter of Reynolds v Oster*, 192 AD2d 794, 795 [1993], *appeal dismissed* 81 NY2d 1068 [1993]). It does not avail him that petitioner, in not detailing all his rights, misled him into believing he had no recourse to seek a modification as he is not entitled to benefit from his ignorance of the law.

Respondent would not, in any event, have had a meritorious basis for modification of the order of support, as it is well established that there is no exception for arrears accrued during a period of incarceration (*Matter of Knights v Knights*, 71 NY2d 865 [1988]; *Matter of Zaid S. v Yolanda N.A.A.*, 24 AD3d 118 [2005]; *Matter of Onondaga County Dept. of Social Servs. v Timothy S.*, 294 AD2d 27 [2002]).

Respondent fares no better in his argument that collection of arrears accruing more than six years prior to the initiation of this proceeding is barred by the statute of limitations, since this case does not involve an attempt to enforce a contractual obligation or collect accrued arrears (*see Matter of Commissioner of Social Servs. of City of N.Y. v Gomez*, 221 AD2d 39, 43 [1996]; *cf. Shavit v Shavit*, 279 AD2d 180, 184 [2000], *lv denied* 96 NY2d 719 [2001]). Concur—Buckley, P.J., Andrias, Friedman, Marlow and Gonzalez, JJ.