Matter of Monroe County Dept. of Human Servs. v Michael C. (2006 NY Slip Op 51072(U))

[*1]

Matter of Monroe County Dept. of Human Servs. v Michael C.

2006 NY Slip Op 51072(U) [12 Misc 3d 1166(A)]

Decided on May 22, 2006

Family Court, Monroe County

Ruhlmann, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 22, 2006

Family Court, Monroe County
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act Monroe County Department of Human Services (obo EBONI R.), PETITIONER,
against
Michael C., RESPONDENT.
XXX

APPEARANCES:Eboni R., Petitioner, Pro Se.

Dandrea L. Ruhlmann, J.
E
boni R., Mother, objects to the order of Support Magistrate Margaret Boldt entered March 17, 2006. The Support Magistrate entered a zero dollar ($0) order of support against the Respondent-Father in his default. Respondent-Father currently incarcerated refused to appear before the Support Magistrate although given an opportunity to do so. (cf. Commissioner of Soc. Servs., v. E.H., 194 Misc 2d 515 [Orange Co. Fam Ct. 2003] [Hearing Examiner's failure to allow imprisoned Respondent to appear constituted reversible error]).
This Court has reviewed the pleadings, written objections, rebuttal and the digital recording of the hearing, and converts Mother's objection to a motion to re-open the default pursuant to CPLR § 5015 before the Support Magistrate (Menaldino v Johnson, 162 AD2d 758 [3rd Dept], lv dismissed 76 NY2d 669 [1990]).
This matter came before the Support Magistrate as an initial order of support. While the Court of Appeals found that FCA 413(1)(g)'s creation of an irrebuttable presumption imposing a twenty-five dollar ($25) floor contradicted the enabling legislation of 42 USC 667, that Court did not preclude the imposition of a support award when a non-custodial parent's income falls below the poverty level. (Rose v. Moody, 83 NY2d 65 [1993]). Rather, a Support Magistrate in his discretion may find the evidence rebuts the presumption of a twenty-five dollar ($25) per month child support award and grant an award as low as zero dollars a month (Id.; see also, 194 Misc 2d 515).
[*2]
Nonetheless where, as here, a non-custodial parent is incarcerated, the Courts of New York are loath to issue a zero ($0) dollar order since this state's public policy militates against allowing the incarcerated parent to benefit from his criminal conduct (Matter of Onondaga County Department of Social Services v Timothy S., 294 AD2d 27, 29 [4th Dept 2002]; see Winn v. Baker, 2 AD3d 1169, 1170 [3d Dept 2003]; UIFSA Proceeding Hillsborough County CSE-FL, o/b/o J.A.E. v. A.B.,10 Misc 3d 446 [Ulster Co. Fam. Ct. 2005]). Here, the Monroe County Child Support Enforcement Unit on Mother's behalf requested a zero dollar ($0) child support order in this case, acknowledging both that Mother receives public assistance, and Respondent-Father who remains incarcerated is subject to a twenty five ($25) dollar order for another child. Objectant Mother, on behalf of the child, is a necessary party to this proceeding with standing to pursue support in excess of the amount of public assistance she receives (FCA 571[2]; CPLR 1001[a]; Caravella v. Toale, 6 Misc 3d 659, 663-64 [Orange Co. Sup. Ct. 2004]). Mother did not appear before the Support Magistrate. No evidence thus was presented to the Support Magistrate showing whether Respondent-Father has a source of income such as prison work release or an inheritance, or a work history requiring the imputation of income (Family Ct Act 413 [1] [b] [5]; See Winn v. Baker, 2 AD at 1170; UIFSA Proceeding Hillsborough County CSE-FL, o/b/o J.A.E. v. A.B.,10 Misc 3d at 451-52).
 Where, as here, a party defaults in appearance before a Support Magistrate, that party may not challenge the Support Magistrate's order by objection to a Family Court Judge. Rather, the defaulting party's remedy is a motion to open the default pursuant to CPLR § 5015 (See Menaldino v Johnson, 162 AD2d 758). 
NOW, therefore, it is hereby
ORDERED that Petitioner's objections will be converted to a CPLR 5015 motion before Support Magistrate Margaret Boldt.
 Dated this 22nd day of May 2006, at Rochester, New York. __________________________________
 DANDREA LYNN RUHLMANN
 FAMILY COURT JUDGE
Pursuant to §1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order by appellant in Court, thirty-five days from the mailing of the order to the appellant by the clerk of the Court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest.