■ In the Matter of JENNIFER H.S., Appellant, v DAMIEN P.C., Respondent. In the Matter of DAMIEN P.C., Respondent, v JENNIFER H.S., Appellant. [857 NYS2d 88]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about October 5, 2007, denying appellant mother's objections to the Support Magistrate's orders, dated March 30, 2007, inter alia, directing her to pay child support in the amount of $245.97 a week, unanimously affirmed, without costs.

The Family Court properly sustained the Support Magistrate's finding that the father was the custodial parent for child support purposes, given that the children currently reside with him the majority of the time (*see Bast v Rossoff*, 91 NY2d 723, 728 [1998]; *cf. Baraby v Baraby*, 250 AD2d 201 [3d Dept 1998]).

The Support Magistrate providently exercised his discretion in imputing income to the mother based on her earning potential (*see* Family Ct Act § 413 [1] [b] [5] [v]; *Matter of Culhane v Holt*, 28 AD3d 251, 252 [2006]). The mother's pro rata share of the children's unreimbursed health care expenses, determined to be $45.07 per week (Family Ct Act § 413 [1] [c] [5]), is not "unjust or inappropriate" (§ 413 [1] [f]). The Support Magistrate's credibility findings are accorded "great deference" (*Matter of Andre v Warren*, 192 AD2d 491, 491 [1993]), and there is no indication that the Magistrate was biased against the mother.

The Support Magistrate did not abuse his discretion in not ordering the father to maintain life insurance for the benefit of the children, in excess of that which was voluntarily maintained (*see Gina P. v Stephen S.*, 33 AD3d 412 [2006]; Family Ct Act § 416 [b]).

The mother's argument that the court erred in not awarding her counsel fees is unpreserved, since she did not object to the Support Magistrate's determination not to award her such fees, and we decline to review it (*see generally Matter of Vermont Dept. of Social Welfare v Louis T.*, 25 AD3d 515 [2006]). Concur—Saxe, J.P., Nardelli, Buckley and Catterson, JJ.