*491 OPINION OF THE COURT
Robert G. Main, Jr., J.
Petitioner has filed written objections to the order of support entered by Michael J. Howley, Esq., Support Magistrate, on November 4, 2010, in accordance with the Child Support Standards Act (see Family Ct Act § 413). No response, in the form of a rebuttal, has been filed.
Family Court Act § 439 (e) sets forth the procedure to be followed in objecting to the determination of a support magistrate. Among the requirements of the statute is that
“[sjpecific written objections to a final order of a support magistrate may be filed by either party with the court within thirty days after receipt of the order in court or by personal service, or, if the objecting party or parties did not receive the order in court or by personal service, thirty-five days after mailing of the order to such party or parties.”
Petitioner has filed in a timely manner.
The same statute also provides that “[a] party filing objections shall serve a copy of such objections upon the opposing party .... Proof of service upon the opposing party shall be filed with the court at the time of filing of objections . . . .” Petitioner has complied with this requirement. There is proof of service of petitioner’s objections upon the respondent herein.
Petitioner commenced this proceeding by filing a support petition requesting that support be established for the child, Payne M.D. A hearing was conducted by the Support Magistrate on November 3, 2010. Petitioner’s assignor was not present; petitioner was represented by counsel. Respondent appeared, pro se.
At the conclusion of the hearing, the Support Magistrate ordered respondent to pay child support in the amount of $25 per month commencing August 18, 2010. Respondent was additionally ordered to pay arrears in the amount of $75. The instant objections followed.
In her objections, petitioner argues that the Support Magistrate erred as a matter of law and abused his discretion. She argues that the Support Magistrate erred in ordering respondent to pay only $25 per month in current support based upon respondent’s current incarceration. Counsel for petitioner argues that, given the testimony provided by respondent herself, the Support Magistrate should have imputed income based upon respondent’s prior work experience and employment.
*492 The court has listened to the electronic recording of the proceedings before the Support Magistrate. Based upon that review, this court finds that the order must be reversed.
At the hearing, respondent testified that she was currently incarcerated and had been since August 16, 2010. She further testified that her last employment was with Fellion’s Diamond Center, full time, at the rate of $8 per hour. She maintained that employment from November of 2008 through April of 2010. She had previous employment with Nancy’s Café and McDonald’s. Respondent testified that she lost her employment with Fellion’s Diamond Center when she was arrested for grand larceny charges stemming from that employment.
In her objections petitioner writes,
“[Respondent stated that the only reason for this employment ending was as a direct result of her arrest and incarceration. . . . Based on the foregoing and the record in this matter, the Support Magistrate erred in failing to impute income to Respondent based on her previous employment with Fell-ion’s Diamond Center. Respondent should not be rewarded for the fact that she brought about her own employment termination and subsequent incarceration.”
This court agrees. On the very date this support petition was filed, October 13, 2010, new child support legislation went into effect. Family Court Act § 451 (2) (a) provides that
“[t]he court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances. Incarceration shall not be a bar to finding a substantial change in circumstances provided such incarceration is not the result of nonpayment of a child support order, or an offense against the custodial parent or child who is the subject of the order or judgment.”
This new language applies, as it states, to modifications of child support. The matter now before this court is not a petition for modification but, rather, a petition seeking an initial order of support. A review of the Support Magistrate’s findings of fact fails to reveal the basis for his decision. It certainly appears that the Support Magistrate found respondent’s income to be zero based upon her incarceration. For reasons unclear to this court, the New York State Legislature chose only to apply this *493 language regarding incarceration to modification petitions. As such, this new legislation does not affect the current case law in this state regarding initial applications for child support.
It is undisputed that a court may impute income to a party who loses employment due to her own misconduct (see Matter of Grettler v Grettler, 12 AD3d 602 [2004]; Barnaby v Barnaby, 259 AD2d 870 [1999]). The Support Magistrate should have imputed income to the respondent based upon her most recent employment.
“New York courts will not countenance a reduced child support award where a parent’s financial hardship results from his or her own intentional and wrongful conduct resulting in incarceration” (Matter of Winn v Baker, 2 AD3d 1169, 1170 [2003] [citations omitted]).
In this court’s judgment, this is particularly relevant where the child for whom support is sought is a public charge. And, where imputation is relevant, this court believes that the principles set forth by the Second Department in Matter of Kristy Helen T. v Richard F.G. (17 AD3d 684 [2005]) are persuasive.
Objections sustained; order reversed; matter remanded to the Support Magistrate to impute income to the respondent, based upon the evidence at the hearing, without the need for further hearing and, thereafter, to enter a new order not inconsistent with this decision and order.