# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**871**

**CA 10-02433**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

LORI MARCERA, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

MICHAEL S. MARCERA, DEFENDANT-RESPONDENT.

---

WILLKIE FARR & GALLAGHER LLP, NEW YORK CITY (TIMOTHY J. MCGINN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered March 3, 2010 in a divorce action. The judgment, inter alia, granted plaintiff a divorce.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the 5th, 6th and 15th decretal paragraphs and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, directed defendant to pay to plaintiff $25 per month in child support, awarded her no maintenance and distributed the parties' personal property. Defendant lost his employment approximately four months prior to the commencement of the divorce action and was subsequently incarcerated during the pendency thereof. We agree with plaintiff that Supreme Court erred in directing defendant to pay the minimum amount of child support (*see* Domestic Relations Law § 240 [1-b] [g]), as well as in awarding plaintiff no maintenance, based solely on defendant's unemployment. To the extent that defendant's financial hardship is the result of his own wrongful conduct, he is not entitled to a reduction in his obligation to pay child support (*see Matter of Grettler v Grettler*, 12 AD3d 602; *Matter of Winn v Baker*, 2 AD3d 1169; *see generally Matter of Knights v Knights*, 71 NY2d 865, 866-867), nor is he entitled to evade his obligation to pay maintenance (*see Frasca v Frasca*, 213 AD2d 589; *Romanous v Romanous*, 181 AD2d 872). We therefore modify the judgment by vacating the amount awarded to plaintiff for child support and the award of no maintenance to plaintiff, and we remit the matter to Supreme Court for further consideration of those issues, following a hearing if necessary.

We reject plaintiff's further contention that the court erred in distributing the parties' personal property. The court "has great flexibility in fashioning an equitable distribution of marital assets" (*Torgersen v Torgersen*, 188 AD2d 1023, 1023, *lv denied* 81 NY2d 709), and we perceive no error in the procedure utilized by the court to

distribute the disputed items of personal property (*see Gelb v Brown*, 163 AD2d 189, 193).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court