# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1141**
**CAF 10-02335**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF NIAGARA COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF THERESA A. KEARNS,
PETITIONER-RESPONDENT,

                    V                        MEMORANDUM AND ORDER

ROGER L. HUEBER, RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

ROGER L. HUEBER, RESPONDENT-APPELLANT PRO SE.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered November 10, 2010 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's written objections to an order of support issued by the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order denying his objections to the order of the Support Magistrate that, inter alia, imputed income to him based on the minimum wage for a period of approximately one year and two weeks and ordered that he pay child support arrears for that period in the amount of $659.18. It is undisputed that the father was incarcerated during the relevant time period.

Contrary to the father's contention, the Support Magistrate did not abuse her discretion by imputing income to the father for the time period in question for the purpose of calculating his child support obligation, despite the fact that he was incarcerated during that period. To the extent that the father's financial hardship is the result of his own wrongful conduct, he is not entitled to a reduction of his child support obligation (*see Matter of Grettler v Grettler*, 12 AD3d 602; *Matter of Winn v Baker*, 2 AD3d 1169; *see generally Matter of Knights v Knights*, 71 NY2d 865, 866-867). We reject the father's further contention that 50% of the child support obligation should be apportioned to the child's noncustodial mother. There is no evidence in the record that the mother had any income or was capable of earning income. Thus, the mother's pro rata share of the child support obligation is zero (*see generally* Family Ct Act § 413 [1] [c] [2]).

The father's contention that the Support Magistrate should have

calculated his support obligation using the statutory percentage for two children rather than the statutory percentage for one child is not preserved for our review inasmuch as it is raised for the first time on appeal (*see generally Matter of Erie County Dept. of Social Servs. v Shaw*, 81 AD3d 1328; *Matter of White v Knapp*, 66 AD3d 1358).  In any event, that contention is without merit because the father is the parent of only one child in the household in question.  "The basic child support obligation must be determined on a per household basis[,] and it is inappropriate to use a percentage [that] is based on a total number of children living in different households" (*Buck v Buck*, 195 AD2d 818, 818; *see Matter of Slocum v Robertson*, 217 AD2d 940).

Contrary to the father's further contention, petitioner was not required to produce the child's custodian (hereafter, custodian) on whose behalf the proceeding was commenced at the hearing on the petition (*see generally* Family Ct Act §§ 415, 422 [a]; *Matter of Department of Social Servs. v Richard A.*, 138 AD2d 487, *lv denied* 72 NY2d 804).  Furthermore, "if [the father] wished to challenge [the custodian's] eligibility for welfare, he should have done so at the . . . hearing.  [Inasmuch as] he had the opportunity to be heard at that time, he was not deprived of due process" (*Matter of Commissioner of Social Servs. of City of N.Y. v Remy K.Y.*, 298 AD2d 261, 262).  In any event, petitioner presented documentary evidence that the custodian and the child received public assistance during the relevant time period, and great deference should be given to the Support Magistrate's evaluation of the proffered evidence (*see Matter of Manocchio v Manocchio*, 16 AD3d 1126, 1128).

Finally, contrary to the father's contention, Family Court properly refused to consider the exhibits submitted in support of the father's written objections because they "were not offered by the father at the . . . [hearing] before the Support Magistrate" (*Matter of Williams v Williams*, 37 AD3d 843, 844; *see also Matter of Lahrs v Lahrs*, 158 AD2d 944).

Entered:  November 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court