# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**157**

**CAF 11-00826**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF MICHAEL L.T. SHIELDS,
PETITIONER-RESPONDENT,

                    V                         MEMORANDUM AND ORDER

CRYSTAL TOWERY, RESPONDENT-APPELLANT.

---

LABIN & BUFFOMANTE, WILLIAMSVILLE (CLAYTON J. LENHARDT OF COUNSEL),
FOR RESPONDENT-APPELLANT.

CARNEY & GIALLANZA, BUFFALO (JASON R. DIPASQUALE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered August 17, 2010 in a proceeding pursuant to Family Court Act article 4. The order denied the objection of respondent to the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent mother appeals from an order denying her objection to the order of the Support Magistrate that modified a prior order by, inter alia, reducing the weekly child support obligation of petitioner father and his share of child care and unreimbursed health-related expenses. We affirm. The father presented evidence that his income from employment decreased as the result of an involuntary reduction in his overtime hours. The Support Magistrate's determination that his loss of income was sufficiently substantial to warrant a downward modification of his child support obligation is entitled to great deference (*see generally Matter of Manocchio v Manocchio*, 16 AD3d 1126, 1128). Contrary to the mother's contention, moreover, the Support Magistrate properly exercised her discretion in concluding that the amount of rental income calculated at the time of the prior order constituted the most reliable amount to be imputed to the father for purposes of the instant proceeding (*see Matter of Niagara County Dept. of Social Servs. v Hueber*, 89 AD3d 1440; *see generally Matter of Gravenese v Marchese*, 57 AD3d 992, 993).

Entered: January 31, 2012                          Frances E. Cafarell
                                               Clerk of the Court