Lahtinen, J.
Appeals from two orders of the Family Court of Clinton County (Lawliss, J. & Howley, S.M.), entered February 1, 2012, which dismissed petitioner’s applications, in two proceedings pursuant to Family Ct Act article 4, to modify a prior child support order.
Pursuant to a May 2010 order, petitioner (hereinafter the father) was required to pay $72 per week to respondent (hereinafter the mother) for support of their child (born in 2006). In July 2011, after being arrested a month earlier and held on federal charges, the father petitioned for a downward modification of his child support obligation. Following a hearing, the Support Magistrate noted a recent amendment to Family Ct Act § 451, which provided that incarceration does not necessarily bar a finding of a substantial change in circumstances (see L 2010, ch 182, § 6, codified as Family Ct Act § 451 [2] [a]), and granted the petition, modifying the father’s support obligation to $25 per month for the period from July 2011 to January 2012.
The mother filed objections and Family Court, in an order entered in February 2012, vacated the Support Magistrate’s order and dismissed the petition. The court found that the amendment to Family Ct Act § 451 did not apply to the father’s petition regarding the May 2010 order since the amendment applied prospectively to child support orders entered after October 13, 2010, the effective date of the pertinent amendments to the statute. Family Court determined that the father otherwise failed to meet his burden of establishing a substantial change in circumstances. The father’s second petition, filed before Family Court’s February 2012 order and seeking to extend the reduced *1073 child support beyond January 2012 because of his continued incarceration, was dismissed by the Support Magistrate in light of Family Court’s order. The father appeals from the order of Family Court dismissing the first petition and from the Support Magistrate’s order dismissing the second petition.*
A request for a downward modification of a child support order must be supported by a showing of a substantial change in circumstances (see Matter of Flanigan v Smyth, 90 AD3d 1107, 1108 [2011]; Matter of Heyn v Burr, 6 AD3d 781, 782 [2004]). Before the 2010 amendment to Family Ct Act § 451, a parent’s loss of income resulting from incarceration generally was not considered a sufficient change in circumstances to warrant a reduction or suspension of child support (see Matter of Knights v Knights, 71 NY2d 865, 866-867 [1988]; Matter of St. Lawrence County Support Collection Unit v Cook, 57 AD3d 1258, 1259 [2008], lvs denied 12 NY3d 707 [2009]; Matter of Winn v Baker, 2 AD3d 1169, 1170 [2003]). As part of legislation making many changes regarding child support (see Assembly Mem in Support, 2010 McKinney’s Session Laws of NY at 1747), Family Ct Act § 451 was amended in several respects including, as relevant here, to provide that “[incarceration shall not be a bar to finding a substantial change in circumstances provided such incarceration is not the result of nonpayment of a child support order, or an offense against the custodial parent or child who is the subject of the order or judgment” (Family Ct Act § 451 [2] [a]; see L 2010, ch 182, § 6). However, the legislation further provided that, as to the section that included this amendment, it “shall apply to any action or proceeding to modify any order of child support entered on or after the effective date of this act” (L 2010, ch 182, § 13 [emphasis added]). While the rationale for making the statutory amendments prospective does not appear as pertinent for the relevant provision as for other parts of the legislation (see Assembly Mem in Support, 2010 McKinney’s Session Laws of NY at 1749; see also Matter of Overhaugh v Schettini, 103 AD3d 972, 973, n 1 [2013], lv denied 21 NY3d 854 [2013]), nonetheless the language used by the Legislature controls. And, under such circumstances, Family Court correctly found that, since the order the father sought to modify had been entered before the effective date of the statute, the amended language did not apply. Moreover, under applicable *1074 preamendment precedent, Family Court’s determination that the father failed to demonstrate a substantial change in circumstances to warrant a downward modification is supported by the record. The remaining arguments have been considered and found unavailing.
Rose, J.E, Garry and Egan Jr., JJ., concur. Ordered that the appeal from the order of the Support Magistrate entered February 1, 2012 is dismissed, without costs. Ordered that the order of Family Court entered February 1, 2012 is affirmed, without costs.

 Since the Support Magistrate’s order was not reviewed by Family Court, it is not properly before us (see Matter of Robin W. v Robert D., 216 AD2d 889, 890 [1995]) and, in light of our decision herein, there is no reason to remit for review by Family Court (see Reynolds v Reynolds, 92 AD3d 1109, 1110 [2012]). The appeal from that order is thus dismissed.