In the Matter of KONSTANTIN PADERNO, Appellant, v JULIA SHVETSOVA, Respondent. [6 NYS3d 138]—

Appeal from an order of the Family Court, Kings County (Ann Elizabeth O'Shea, J.), dated September 4, 2013. The order denied the father's objection to so much of an order of the same court (Israella Mayeri, S.M.), dated April 18, 2013, as granted his petition for a downward modification of his child support obligation only to the extent of reducing his obligation to the sum of $25 per month.

Ordered that the order dated September 4, 2013, is affirmed, without costs or disbursements.

The mother and the father have one child, who lives with the mother. In April 2012, the father petitioned for a downward modification of his child support obligation on the ground that his unemployment benefits had run out. At a hearing, the father testified that he was unemployed, living with his mother, and receiving public assistance. The Support Magistrate found that the father had no income, while the mother, who was gainfully employed, had an annual income of $134,806.77. In an order dated April 18, 2013, the Support Magistrate, among other things, directed the father, on the mother's consent, to pay child support in the sum of $25 per month. The father filed an objection to so much of the order as granted his petition for a downward modification of his child support obligation only to the extent of reducing his obligation to $25 per month. He argued that he should not be required to pay even $25 per month since the mother earned a substantial income, while his only resources came from public assistance. The Family Court denied the objection. The father appeals.

Where, as here, "the annual amount of the basic child support obligation would reduce the non-custodial parent's income below the poverty income guidelines amount . . . the basic child support obligation shall be twenty-five dollars per month" (Family Ct Act § 413 [1] [d]), unless the court finds that such basic child support obligation "is unjust or inappropriate, which finding shall be based upon consideration of the [factors set forth in Family Ct Act § 413 (1) (f)]" (Family Ct Act § 413 [1] [f]). Under the circumstances of this case, where the father was residing rent-free with a relative who was covering his living

expenses, the Family Court providently exercised its discretion in not departing from the statutory $25 per month minimum amount of child support, notwithstanding the disparity in the parents' incomes (*cf. Aregano v Aregano*, 289 AD2d 1081 [2001]; *Matter of Monroe County Dept. of Human Servs. v Michael C.*, 12 Misc 3d 1166[A], 2006 NY Slip Op 51072[U] [Fam Ct, Monroe County 2006]). Accordingly, the Family Court properly denied the father's objection. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.