OPINION OF THE COURT
Robert B. Wiggins, J.
This case presents the issue of the effect that Family Court Act § 451 (3) (a) has on a modification petition filed by a parent who has been incarcerated since entry of the prior support order. I find that the Support Magistrate erred in failing to conduct a hearing to determine whether there was a sufficient change in circumstances to warrant a modification of petitioner’s support obligation.
L
Petitioner filed the instant petition seeking modification of a support order entered August 19, 2013 requiring him to pay $59 per month for basic child support and managed care for the support of his eight-year-old daughter. As the basis for standing to bring the petition, petitioner alleged that there had “been a substantial change in circumstances in that I am now incarcerated.” He further stated that his support obligation “should be decreased because I am incarcerated.”
On the hearing date, petitioner appeared by phone because he was incarcerated in the Ontario County Jail. Respondent did not appear. Upon petitioner taking the phone, the Support Magistrate introduced himself, indicated that they were “dealing with” his “modification petition, seeking to review your 50 dollar a month order, plus 9 dollars a month toward managed care, based upon the fact that you are currently incarcerated.” Immediately thereafter, without giving petitioner any opportunity to elaborate on his grounds for seeking modification, the Magistrate then said
“Mr. Hunter, I’m going to dismiss your petition, but I’m going to also explain to you why that is the case. Some years ago the New York State Legislature determined that incarceration was not a bar to filing a petition to modify. That is true. However, incarceration is not grounds to modify. Incarceration is a self-imposed hardship, it’s something you did to yourself, and your children are not required to subsidize your bad choices. Whatever you did to get yourself put in jail, again, is something that you did, it’s a choice you made, and it’s not grounds *975 to modify. So, unless you have any questions, I am going to dismiss this Petition.”
There was no further discussion of the merits, and the Magistrate issued a summary “Order of Dismissal” that same day indicating that “the petition is dismissed due to no grounds.”
Petitioner filed his objections July 2, 2015, contending that the Magistrate’s determination was contrary to the mandate of Family Court Act § 451 (3) (a).* He further argues that his “incarceration has nothing to do with the non-payment of child-support . . . Therefore, my incarceration should be found to be a substantial change of circumstance and the order should be modified because I am incarcerated and can’t work.” Respondent filed no rebuttal.
IL
Resolution of this case requires analysis of the language of and legislative intent behind Family Court Act § 451 (3) (a), as well as the preexisting case law with respect to the effect of incarceration on a parent’s child support obligation.
Section 451 (3) (a) states that
“[t]he court may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances. Incarceration shall not be a bar to finding a substantial change in circumstances provided such incarceration is not the result of non-payment of a child support order, or an offense against the custodial parent or child who is the subject of the order or judgment” (emphasis supplied).
The “[incarceration shall not be a bar” language was added in 2010 (see L 2010, ch 182, § 6). Prior to 2010, under the rule enunciated by the Court of Appeals in Matter of Knights v Knights (71 NY2d 865 [1988]), and its progeny, where a parent was incarcerated, the resulting “financial hardship” was deemed to be “the result of his own wrongful conduct,” and he was therefore “not entitled to a reduction of his obligation to pay child support” (Matter of Niagara County Dept. of Social Servs. v Hueber, 89 AD3d 1433, 1433 [4th Dept 2011]). On its *976 face, the new provision was clearly meant to reverse this rule. Moreover, the legislative history clearly indicates that this was the case as well. The “Assembly Memorandum in Support” of the bill explicitly states that the provision was “intended to address the impact of the New York State Court of Appeals decision in Knights v. Knights, 71 N.Y.2d 865 [(1988)] and thereby clarify that a court may modify an order of child support where a party has been incarcerated” (Assembly Mem in Support, Bill Jacket, L 2010, ch 182 at 11). In other words, it was intended to overrule Knights.
III.
Turning then to this case, the Support Magistrate may initially have been technically correct in holding that section 451 (3) (a) does not make incarceration grounds to modify a child support obligation. However, a significant decrease in income can be grounds to modify, and such a decrease is more often than not the natural consequence of incarceration. Family court “pro se pleadings are to be liberally construed” (Matter of Whitaker v Murray, 50 AD3d 1185, 1186 [3d Dept 2008]), the court must “afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom” (Matter of C.H. v F.M., 130 AD3d 1028, 1028 [2d Dept 2015]), and family court “may sua sponte conform the pleadings to the evidence” (Matter of Barton v Barton, 111 AD3d 1348, 1349 [4th Dept 2013]). The reasonable inference to be drawn from petitioner’s allegation that he had been incarcerated since the last order is that, as a result, his income had been substantially reduced as well.
Moreover, after stating that incarceration did not constitute grounds to modify, the Magistrate went on to effectively apply the old Knights rule, thereby implicitly recognizing that petitioner was claiming that his financial circumstances had changed significantly for the worse as a result of his incarceration. As set forth above, however, section 451 (3) (a) was intended to overrule Knights. The Knights rule, succinctly stated, is that incarceration is a bar to a finding of a change in circumstances, because the resulting “financial hardship is the result of [petitioner’s] own wrongful conduct” (Hueber, 89 AD3d at 1433). Section 451 (3) (a) — in clear contravention to this prior rule — explicitly declares that such incarceration “shall not be a bar to finding a substantial change in circumstances” (emphasis supplied). Thus, the Magistrate erred in holding *977 that petitioner’s incarceration could not constitute a change in circumstance because it was a self-imposed hardship. This was the old rule, and it was reversed by the enactment of section 451 (3) (a). Indeed, to hold that the old Knights rule continues to apply would be to completely eviscerate section 451 (3) (a) and render it utterly meaningless. If the Knights rule continued to be viable, and financial hardship as a result of incarceration were still deemed not to constitute a substantial change in circumstance, then when would incarceration ever not effectively serve as a bar to a modification petition? This, again, is contrary to both the language and legislative intent behind section 451 (3) (a).
While no reported cases have yet applied section 451 (3) (a), the only appellate decision to consider its potential impact supports the court’s conclusion as well. In Matter of Baltes v Smith (111 AD3d 1072 [3d Dept 2013]), the Support Magistrate applied the then recently enacted section 451 (3) (a) and granted an incarcerated father’s petition for a reduction of his support obligation. Family Court reversed, but only because the new provision applied prospectively only to petitions seeking modification of orders entered after October 13, 2010 — the effective date of the statute. The Third Department affirmed, concluding that, because the newly enacted section 451 (3) (a) was not applicable, the old Knights rule applied, and barred the incarcerated father’s claim of a change in circumstances. However, it referred to the Knights rule as “pre-amendment precedent” — implying that, in future, posi-amendment cases, the opposite result would hold.
Finally, none of the cases relied upon by the Support Magistrate in prior, similar modification petitions that he has denied supports the determination, because amended Family Court Act § 451 (a) (3) was not applicable in any of those cases. In Reback v Reback (93 AD3d 652 [2d Dept 2012]) the order sought to be modified was entered prior to the effective date of the amendment to Family Court Act § 451. The enabling legislation makes clear that the amended section 451 applies only to petitions seeking modification of orders entered after the effective date of the legislation (see Baltes, 111 AD3d at 1073, quoting L 2010, ch 182, § 13). In Matter of Niagara County Dept. of Social Servs. v Hueber (89 AD3d 1440 [4th Dept 2011]) the order at issue was not a modification, but an initial support order. As explained in Matter of Commissioner of Social Servs. (Donna M.W.) v Jessica M.D. (31 Misc 3d 490, *978 492-493 [Fam Ct, Franklin County 2011]), the amended section 451 applies only to modification petitions, not original applications for support. In Marcera v Marcera (87 AD3d 1276 [4th Dept 2011]), both were true — the order was entered prior to the effective date of the statute, and it was an original support order. Thus, in all of those cases, the amended section 451 was not applicable, and the Courts therefore properly applied the pre-amendment Knights rule.
IV
The court understands the Magistrate’s reluctance to allow incarceration to effectively serve as grounds for a finding of a change in circumstances. Indeed, this may often lead to absurd results. Say, for example, that a person engages in non-criminal misconduct at work, and is fired as a result. That misconduct may well serve as the basis for a finding that the loss of employment was a self-imposed hardship, barring a finding of a change in circumstance. If another person, on the other hand, commits a criminal violation at work and loses his employment as a result of his subsequent incarceration, that incarceration would not be a bar to a modification petition — a seemingly incongruous result. However, this court’s job is not to assess the wisdom of legislation, but to apply the law as written and intended by the legislature.
Accordingly, for the reasons set forth above, the court finds that the Magistrate erred in applying the old Knights rule as a bar to the petition and dismissing the petition without a hearing to determine whether there has, in fact, been a significant diminution in income or other change of circumstances warranting a reduction in petitioner’s child support obligation. Therefore, the objections are sustained, and the matter is remitted to the Magistrate.

 Petitioner actually mistakenly referred to this as subsection (2) (a), which was the former designation of this provision, prior to its renumbering by legislative amendment in 2014.