Joseph F. Gagliardi, J.
Plaintiff moves pursuant to CPLR 3211, subd. (a) to dismiss the second counterclaim of defendant’s answer. The parties are both residents of Westchester County, New York. The husband’s complaint pleads a cause of action for annulment upon the ground that defendant wife had a husband living at the time of their marriage. The answer pleads, in addition to denials, a first counterclaim for abandonment and nonsupport. The second counterclaim alleges a joint ownership by the parties of certain premises in Boynton Beach, Florida, and requests partition and division of that property. It is also alleged that plaintiff has leased the Florida property without permission and that except for a named mortgagee there are no other parties interested in the property.
Plaintiff insists that this court has no jurisdiction of the subject matter of the second counterclaim by the reason of the location of the real property in Florida. Nevertheless, this court is expressly empowered to “ determine any question as to the title to property arising between the parties ’ ’ in this matrimonial action (Domestic Relations Law, § 234). Moreover, the in personam jurisdiction of this court empowers it to exercise equity jurisdiction over the rights of these parties even with respect to foreign realty (Smyrna Theatre Co. v. Missir, 198 App. Div. 181; Jones v. Jones, 8 Misc. 660). It is true that the exercise of this power is discretionary and has been limited to proper cases involving fraud, trust or of contract (see Johnson *11 v. Dunbar, 114 N. Y. S. 2d 845, 850, affd. 282 App. Div. 720; affd. 306 N. Y. 697). However, it is clear that the marital relationship of these New York residents involves trust and contract. Furthermore, the express authorization of section 234 of the Domestic Relations Law makes appropriate this exercise of in personam jurisdiction. Therefore, the motion is denied.