■ STUART GOLDEN, Appellant-Respondent, v. ELAINE GOLDEN, Respondent-Appellant.— Cross appeals from so much of a judgment of the Supreme Court, Nassau County, entered July 29, 1970, granting defendant a divorce after a nonjury trial, as awarded her alimony, child support and a counsel fee, including miscellaneous provisions with respect to alimony and support. Judgment modified, on the law and the facts, by: (1) deleting, in the third decretal paragraph, the words "as of the date hereof" and substituting therefor: "on February 16, 1970"; (2) deleting, in the fourth decretal paragraph, the figure "$150" and substituting therefor: "$100"; and deleting the words "as of the date hereof" and substituting therefor: "on February 16, 1970"; (3) deleting, in the fifth decretal paragraph, the following: "and the reasonable expenses of said Infant-child's college education, inclusive of but not limited to, the room, board, tuition fees, and attendant expenses; said payments to be made within FIVE (5) DAYS after presentation of a bill"; (4) deleting the sixth and seventh decretal paragraphs; and (5) adding, as a decretal paragraph, after the seventh decretal paragraph: "Ordered, Adjudged and Decreed, that the defendant's attorneys be and are hereby directed to return, to the defendant, counsel fees in the sum of $4,000.00, said sum to be paid by check or money order within TEN (10) DAYS after the defendant's attorneys receive their counsel fees in the sum of $5,000.00 from the plaintiff; and it is further". As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion the payments for support and maintenance, under the facts and circumstances of the case, should have been directed to commence as of the date of the trial rather than the date of the judgment. The amount directed to be paid for utilities and other stated maintenance expenses on the marital residence should be reduced from $150 a month to $100; the latter sum is sufficient to pay for those expenses. The decretal provisions for the college education of the infant, and those for the payment to defendant of greater support in the future if plaintiff receives an adjusted gross income of more than $45,000 in any one year, should be deleted because those matters can be determined in the future to meet changing conditions (Domestic Relations Law, §§ 236, 240; McMains v. McMains, 15 N Y 2d 283). The counsel fee of $5,000 awarded to defendant's attorney is reasonable in view of counsel's agreement to return the fee of $4,000 previously advanced by defendant. It was brought to our attention that the brief of defendant's attorney contains references and quotations, from an exhibit received in evidence at the trial, which did not reflect correctly the contents of that exhibit and, in our opinion, were intended to mislead the court. We sternly disapprove of the conduct of the attorney in submitting a misleading brief to this court. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.