■ Irwin I. Kornblau, Appellant, v Laura B. Kornblau, Respondent. —Appeal from judgment of the Supreme Court, New York County, entered June 1, 1977, insofar as it directed the sale of the condominium owned by the parties is unanimously dismissed as moot, without costs, and otherwise the judgment insofar as it directed plaintiff husband to pay support for the two children of the marriage in the sum of $200 a week commencing March 10, 1977 and deposit his share of the proceeds of the sale of the condominium in escrow as security for the support payments and to pay defendant's attorney $6,600 as additional counsel fees plus disbursements of $1,195.50 is unanimously modified, on the facts and as a matter of discretion, so as to reduce support provisions to $140 a week and counsel fees, including services on this appeal, to $3,500, and otherwise affirmed, without costs. We have analyzed the record with careful attention to the finances of each of the litigants and find, in the circumstances, that plaintiff should be required to pay the sum of $140 a week for the support of his two children retroactive to March 10, 1977 (the date the trial began), against which defendant is to be credited with such lesser sums as he has paid for that purpose since said date. We note that the condominium has been sold, and therefore that part of the order directing such sale has become moot. Nevertheless, the provisions for plaintiff's share of the proceeds thereof to be held in escrow as security for such support payments was within the proper exercise of discretion by the court (Domestic Relations Law, § 243; *Golden v Golden,* 37 AD2d 578; *Forrest v Forrest,* 25 NY 501, 514; see *Brown v Brown,* 34 AD2d 907). The award of counsel fees of $6,600 is excessive. Bearing in mind that defendant's counsel heretofore received $2,000 as counsel fees, we are of the opinion that additional counsel fees in sum of $3,500 including services on this appeal are appropriate. We find no basis for plaintiff's claim that the trial court abused its discretion in insisting upon a chamber conference before trial to discuss financial settlement, despite objection by plaintiff's counsel. His counsel failed to place upon the record any objection with respect to that matter, nor did he move for a mistrial when the trial commenced. Nothing in the record reflects that the trial court predetermined the issues before it. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.