■ IRENE RALSKE, Respondent-Appellant, v NORMAN RALSKE, Appellant-Respondent. — In a matrimonial action, the parties cross-appeal, as limited by their respective briefs, from so much of a judgment of divorce of the Supreme Court, Nassau County (Roncallo, J.), entered September 29, 1980, as awarded

plaintiff alimony, child support and a counsel fee, granted plaintiff exclusive use and occupancy of the marital premises until its sale (which was not to be prior to June 15, 1981), appointed plaintiff Receiver of the marital premises for the purpose of its sale, and determined the disposition of certain real and personal property. Judgment modified, on the law, by (1) deleting the sixth, and ninth decretal paragraphs; (2) deleting from the seventh decretal paragraph all language beginning with the words "sale of the same" and substituting the following: "such time as the premises may be sold"; (3) deleting from the eighth decretal paragraph the phrase beginning with the words "up to and including the date" and ending with "hereinabove set forth"; and (4) adding to the eighth decretal paragraph, following the words "January 2, 1980", the words "and defendant shall be credited with any payments made from that date, pursuant to the *pendente lite* order of this court". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The case is remitted to the Supreme Court, Nassau County, to make an appropriate disposition of the former marital home situated in North Bellmore, Long Island, and the property owned by the parties in Center Conway, New Hampshire. The findings of fact are affirmed. The parties were owners, as tenants by the entirety, of their former marital home, situated in North Bellmore, Long Island, and property situated in New Hampshire. The trial court, in the judgment of divorce, ordered the sale of the North Bellmore home "not sooner than June 15, 1981." The court declined to order sale of the New Hampshire property, however, concluding that it lacked jurisdiction to do so. The trial court erred in concluding that it could not order a sale of the New Hampshire property. Since the court had in personam jurisdiction over the parties, it had equity jurisdiction over their rights with respect to foreign realty (see *Johnson v Dumbar,* 114 NYS2d 845, affd 282 App Div 720, affd 306 NY 697; *Lawrence v Lawrence,* 47 Misc 2d 10). Additionally, if the court believed that the former marital home should be sold, it should have ordered a sale by a date certain. In the circumstances, the case should be remitted to the Supreme Court, Nassau County, to make an appropriate disposition of both properties. We find further that the provision reducing the award of alimony by $150 per week upon the sale of the marital premises is improper. The rules of this court provide that "[a] judgment speaks as of its date and is based on then existing facts * * * [P]rovisions requiring a change in the future will not be included in the judgment, therefore, until the event on which change is predicated occurs" (22 NYCRR 699.9 [f] [5]; see, also, *Doris v Doris,* 81 AD2d 602; *Matter of Bender v Bender,* 72 AD2d 745; *Lebowitz v Lebowitz,* 37 AD2d 841). Defendant may seek to modify the judgment upon the sale of the marital premises. Finally, although the award of alimony retroactive to the day of trial was not improper under the facts and circumstances of this case (see *Golden v Golden,* 37 AD2d 578), defendant should be credited with any amounts he did pay plaintiff since January 2, 1980, pursuant to the *pendente lite* order of the court. We have considered the remaining contentions of the parties and find them to be without merit. Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.