■ BERNARD POSNER et al., Respondents, v BURTON HANDELSMAN et al., Appellants

The plaintiffs and defendants were involved in four joint ventures. Each of the joint ventures consisted of one or more of the plaintiffs and the defendants in varying combinations. Two of the joint ventures own real property located in New Fairfield, Connecticut. In 1985, the plaintiffs commenced this action to dissolve the joint ventures. On January 8, 1986, an interlocutory judgment was entered dissolving the joint ventures and directing an accounting. By order dated December 8, 1988, the court directed that the assets of the four joint ventures "shall be sold at a judicial sale pursuant to the custom and practice of this court". The court further directed that "immediately after completing such sale said referee * * * shall execute a deed or deeds of the premises sold to the purchaser or purchasers". Pursuant to the order, the referee scheduled the sale and posted notice. However, by letter dated July 7, 1989, the defendants' counsel wrote to the referee advising him that he did not have authority to sell the Connecticut real property. The referee did not proceed with the sale, and thereafter, the plaintiffs moved to compel the sale, or replace the referee. By order dated April 16, 1990, the court granted the plaintiffs' motion and directed the sale to proceed according to the terms of the December 8, 1988, order. The court further stated that "at the closing of the sale of these pieces of real property * * * all parties shall execute a deed or deeds of the premises sold to the purchaser or purchasers".

It is well settled that the courts of one State may not decide issues directly affecting title to real property located in another State *(see, Fall v Eastin,* 215 US 1, 8; *Dull v Blackman,*

169 US 243, 246-247). The court attempted to solve this problem by directing the parties to execute a deed or deeds to accomplish the conveyance *(see, e.g., Tobjy v Tobjy,* 163 AD2d 303; *Ralske v Ralske,* 85 AD2d 598, 599). However, by requiring the parties to comply with the prior order which directed a judicial sale of the Connecticut property pursuant to the "customs and practices" of the New York court, the court exceeded its authority *(see, Fall v Eastin, supra).* Thus, if the parties wish to have the Connecticut property sold at a judicial sale they may seek such relief in the appropriate Connecticut court. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.