■ John J. Curry, Appellant-Respondent, v Patricia Curry, Respondent-Appellant. [678 NYS2d 776] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of (1) a judgment of the Supreme Court, Richmond County (Imperato, J.H.O.), dated August 8, 1997, as (a) awarded the defendant wife maintenance, (b) failed to credit him with pendente lite maintenance he paid, and (c) failed to equitably distribute certain property, and (2) a Qualified Domestic Relations Order of the same court, also dated August 8, 1997, as, in determining the "coverture fraction", used a numerator of 66 in computing the amount of his share of the defendant's pension, and the defendant cross-appeals from the judgment.

Ordered that on the Court's own motion, the appellant's no-

tice of appeal from the Qualified Domestic Relations Order is treated as an application for leave to appeal from that order, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the fourth and ninth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine the equitable distribution of the parties' property which was not distributed by the judgment; and it is further,

Ordered that the Qualified Domestic Relations Order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine the proper numerator of the "coverture fraction" to be used in determining the plaintiff's share of the defendant's pension.

Under the Equitable Distribution Law (Domestic Relations Law § 236 [B]), except where the parties have provided in an agreement for the disposition of their property, "the court, in an action wherein all or part of the relief granted is divorce * * * shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (Domestic Relations Law § 236 [B] [5] [a]). The trial court failed to make an equitable distribution of all the parties' property. Accordingly, the matter is remitted to the Supreme Court for a hearing to determine the appropriate disposition of the parties' property which was not distributed in the judgment of divorce (see, Madigan v Madigan, 176 AD2d 924).

Contrary to the plaintiff's contention, under the circumstances of this case, the award of maintenance to the defendant was not an improvident exercise of the court's discretion (see, Hartog v Hartog, 85 NY2d 36).

With respect to the Qualified Domestic Relations Order, because of the inconsistency between the order and the record, the matter is remitted to the Supreme Court for a hearing to determine the proper numerator of the "coverture fraction" to be used in determining the plaintiff's share of the defendant's pension.

The plaintiff's remaining contention lacks merit. Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.