■ James F. McDermott, Appellant, v Deborah A. McDermott, Respondent. [865 NYS2d 244]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated October 1, 2007, as denied that branch of

his motion which was to vacate the child support provision of a so-ordered stipulation dated April 2, 2007 on the ground that it did not comply with Domestic Relations Law § 240 (1-b) (h), and granted that branch of the defendant's motion which was for an award of an attorney's fee in the amount of $3,000.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to vacate the child support provision of the so-ordered stipulation dated April 2, 2007 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination of an appropriate amount of child support; and it is further,

Ordered that in the interim, the plaintiff shall continue to pay child support in the sum of $1,400 per month, in accordance with an order of the Supreme Court, Queens County, dated October 18, 2006.

The provision regarding a permanent award of child support in the parties' so-ordered stipulation dated April 2, 2007 does not comply with Domestic Relations Law § 240 (1-b) and, therefore, is invalid and unenforceable (*see Jefferson v Jefferson,* 21 AD3d 879 [2005]; *Warnecke v Warnecke,* 12 AD3d 502 [2004]). Thus, the Supreme Court erred in denying that branch of the plaintiff husband's motion which was to vacate the provision on that ground.

However, the Supreme Court properly found the plaintiff to be in willful default of his obligation to pay his proportionate share of various child-related expenses, and properly awarded the defendant an attorney's fee incurred in enforcing those obligations (*see Loria v Loria,* 46 AD3d 768 [2007]; *Yeager v Yeager,* 38 AD3d 534 [2007]; *Popelaski v Popelaski,* 22 AD3d 735 [2005]; *Herr v Herr,* 5 AD3d 550 [2004]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.