■ CLAUDIA S. JOHNSON, Respondent-Appellant, v LARRY C. JOHNSON, Appellant-Respondent. (Appeal No. 1.) [891 NYS2d 848]—

Memorandum: In appeal No. 1, defendant appeals and plaintiff cross-appeals from a judgment granting plaintiff a divorce and custody of the parties' children, ordering defendant to pay support, and dividing the marital property. In appeal No. 2, defendant appeals from an order awarding attorney's fees to plaintiff.

Addressing first appeal No. 2, we conclude that Supreme Court did not abuse its discretion in awarding plaintiff attorney's fees (*see generally Bushorr v Bushorr*, 129 AD2d 989 [1987]). The remainder of our decision concerns the judgment in appeal No. 1. We conclude with respect thereto that the court did not abuse its discretion in declining to award maintenance to plaintiff, given the respective financial positions of the parties (*see generally Mayle v Mayle*, 299 AD2d 869 [2002]). Also contrary to the contention of plaintiff, the court did not fail to decide her motion to hold defendant in contempt based on his failure to comply with a temporary child support order and his failure to provide health insurance coverage for the children as of September 1, 2007. The failure to rule on a motion is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863 [1993]), and we conclude in any event that the court did not abuse its discretion in implicitly denying the motion (*see generally DiFilippo v DiFilippo*, 300 AD2d 1003, 1004 [2002]). We also conclude that the court did not err in declining to impute income to defendant in calculating child support. Given defendant's employment history, financial statement and testimony at trial, it cannot be said that defendant reduced his resources or income in order to reduce or avoid his child support obligation (*see* Domestic Relations Law § 240 [1-b] [b] [5] [v]*; see also Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1331-1332 [2005], *lv denied* 6 NY3d 705 [2006]).

The court erred, however, in failing to determine the disposition of real and personal property in Idaho, where defendant had relocated. We therefore modify the judgment in appeal No. 1 by remitting the matter to Supreme Court to determine the disposition of the property in Idaho (*see Curry v Curry*, 254 AD2d 448, 449 [1998]). While a divorce court in one state has no in rem jurisdiction over out-of-state real property and thus " 'does not have the power directly to affect, by means of its decree, the title to real property situated in another state' " (*Kindler v Kindler*, 60 AD2d 753, 754 [1977]), a court with personal jurisdiction over the parties has "equity jurisdiction over their rights with respect to foreign realty" (*Ralske v Ralske*, 85 AD2d 598, 599 [1981], *appeal dismissed* 56 NY2d 644 [1982]). Here, the court had personal jurisdiction over the parties and thus had equity jurisdiction over their rights to the property but failed to exercise that jurisdiction. Indeed, although the judgment addressed the Idaho property, the court did not in fact exercise its equity jurisdiction over the Idaho property by determining the respective rights of the parties concerning that property. Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.