# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**934**

**CA 12-01751**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

CLAUDIA S. JOHNSON, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

LARRY C. JOHNSON, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

BOUVIER PARTNERSHIP, LLP, EAST AURORA (ROGER T. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (ASHLEA L. PALLADINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 24, 2012. The order, among other things, distributed the parties' personal property.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by remitting the matter to Supreme Court, Erie County, for further proceedings with respect to the disposition of the real property located in Idaho and as modified the order is affirmed without costs in accordance with the following Memorandum: In appeal No. 1, defendant appeals from an order that, inter alia, found defendant in contempt of court on the ground that he willfully failed to pay child support pursuant to the judgment of divorce and awarded attorney's fees to plaintiff. In appeal No. 2, defendant appeals from an order that, inter alia, distributed the parties' personal property.

In appeal No. 1, we conclude that Supreme Court properly determined that defendant willfully failed to pay child support pursuant to the judgment of divorce. Defendant's admission at the hearing that he had not paid child support as required by the judgment of divorce constituted prima facie evidence of a willful violation of that judgment, and thus the burden shifted to defendant to present some competent and credible evidence justifying his failure to pay child support (*see Matter of Powers v Powers*, 86 NY2d 63, 68-70; *Matter of Lomanto v Schneider*, 78 AD3d 1536, 1537). Contrary to defendant's contention, his failure to make child support payments to plaintiff is not excused by an Idaho statute requiring that child support payments be made directly to the Idaho Department of Health and Welfare (*see* Idaho Code § 32-710A [A]). The Idaho statute is not applicable to this case because the judgment of divorce was issued in New York and, under the Uniform Interstate Family Support Act, "[t]he

law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order" (Family Ct Act § 580-604 [a]; *see* Idaho Code § 7-1046 [1] [a]).

We further conclude that the court properly awarded attorney's fees to plaintiff. "In any action or proceeding for failure to obey any lawful order compelling payment of support or maintenance, or distributive award[,] the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to" the other party's attorney (Domestic Relations Law § 237 [c]). Here, inasmuch as the court properly determined that defendant willfully failed to pay child support pursuant to the judgment of divorce, it therefore "properly awarded [plaintiff] an attorney's fee [for legal expenses she] incurred in enforcing those obligations" (*McDermott v McDermott*, 54 AD3d 911, 912; *see* § 237 [c]; *Simons v Simons*, 139 AD2d 959, 961; *cf. Boardman v Boardman*, 300 AD2d 1110, 1111).

In appeal No. 2, we agree with defendant that the court erred in failing to determine the disposition of real property located in Idaho. In a prior appeal, we modified the judgment of divorce by "remitting the matter to Supreme Court to determine the disposition of the [real and personal] property in Idaho" (*Johnson v Johnson*, 68 AD3d 1685, 1686). On remittal, the court distributed the personal property located in Idaho but failed to distribute the real property. Thus, we modify the order in appeal No. 2 by remitting the matter to Supreme Court to determine the disposition of the real property located in Idaho (*see id.*). Finally, we reject defendant's contention that the court erred in distributing the parties' personal property (*see Marcera v Marcera*, 87 AD3d 1276, 1277).

Entered: September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court