■ SAMUEL D. ISALY, Respondent, v SARA DEVLIN, Appellant. [31 NYS3d 64]—

Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered July 20, 2015, which, to the extent appealed from, granted plaintiff husband's motion to permanently restrain and enjoin defendant wife from challenging the parties' premarital agreement, unanimously affirmed, without costs.

Supreme Court properly found that because it had in personam jurisdiction over the parties, it also had "equity jurisdiction over their rights with respect to foreign realty" (*Ralske v Ralske*, 85 AD2d 598, 599 [2d Dept 1981], *appeal dismissed* 56 NY2d 644 [1982]; *see Tobjy v Tobjy*, 163 AD2d 303 [2d Dept 1990], *lv dismissed and denied* 77 NY2d 937 [1991]; *Johnson v Dunbar*, 114 NYS2d 845, 849-850 [Sup Ct, Kings County 1952], *affd* 282 App Div 720 [2d Dept 1953], *affd* 306 NY 697 [1954]). Contrary to defendant's contention, the court did not find that it could exercise in rem jurisdiction over plaintiff's properties located in the UK (*see Johnson v Johnson*, 68 AD3d 1685, 1686 [4th Dept 2009]).

The court further did not award or grant ownership and

control of the properties in the UK to plaintiff. Rather, the court properly found that plaintiff's real properties were addressed in the parties' 2004 premarital agreement, which was incorporated but not merged into their judgment of divorce, and thus, survived "as a separately enforceable contract" (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]). In the schedule attached to the premarital agreement, plaintiff indicated that he owned real estate valued at $10,448,180. Defendant never challenged the lack of specific identification of the real property owned by plaintiff, even at the time of the 2012 modification agreement or the subsequent judgment of divorce. Defendant's claim that plaintiff orally promised her one of his separately owned properties in the UK is contradicted by her understanding that "no representations" had been made, oral or otherwise other than those expressly set forth in the premarital agreement.

The fact that the properties in the UK were not specifically identified in the premarital agreement, without more, does not render the agreement ambiguous. In the 10 years prior to the commencement of this action, defendant never sought identification of the real property referenced in a schedule to the premarital agreement. In any event, the plain language in article II-C and G of the premarital agreement reflects defendant's acknowledgment that she has "no right to or claim against" any real property owned then or subsequently acquired by plaintiff, including the appreciation in value, as well as her renunciation and waiver of any current or future right to claim an interest in any property, real or otherwise, separately owned by plaintiff husband. In the absence of ambiguity, defendant's claim that the court was required to hold an evidentiary hearing, is unavailing (*see Innophos, Inc. v Rhodia, S.A.*, 10 NY3d 25 [2008]).

While a conflict of laws analysis is required if parties disagree as to which jurisdiction's law should apply (*see Elmaliach v Bank of China Ltd.*, 110 AD3d 192, 200 [1st Dept 2013]; *see also Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]), the parties had expressly agreed that New York law would govern any challenges to the validity and interpretation of the premarital agreement (*see Friedman v Roman*, 65 AD3d 1187 [2d Dept 2009]).

We have considered the parties' remaining contentions and find them either irrevelant or unavailing. Concur—Friedman, J.P., Acosta, Moskowitz, Kapnick and Gesmer, JJ.