Clark Tower, LLC v Wells Fargo Bank, N.A. (2019 NY Slip Op 08975)





Clark Tower, LLC v Wells Fargo Bank, N.A.


2019 NY Slip Op 08975


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10595N 651319/19

[*1] Clark Tower, LLC, Plaintiff-Respondent,
v
Wells Fargo Bank, N.A., etc., et al., Defendants-Appellants, Axonic Capital LLC, Defendant.


Jenner & Block LLP, New York (Stephen L. Ascher of counsel), for appellants.
Frydman LLC, New York (David S. Frydman of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 26, 2019, which granted plaintiff mortgagor's motion for a preliminary injunction restraining defendants from foreclosing on plaintiff's office building in Memphis, Tennessee, pending resolution of this action, unanimously reversed, on the law, without costs, and plaintiff's motion denied.
Plaintiff financed its purchase of the property in 2007 with a note secured by a deed of trust. In 2015, plaintiff and defendant trustee entered into a loan modification agreement (LMA) that, inter alia, bifurcated the original loan and allowed Note B to be forgiven if a subsequent sale or refinancing was insufficient to pay the principal and interest thereon. The LMA is governed by Tennessee law but requires plaintiff to submit to the jurisdiction of the courts of this State. It does not similarly require defendant-appellants to submit to the jurisdiction of this State.
Defendant trustee advertised a nonjudicial foreclosure sale (Tenn Code Ann 35-5-101) based on plaintiff's apparent failure to pay the entire amount due upon maturity, and its failure to cause all rents to be deposited into a lockbox. Plaintiff sued, alleging, among other things, breach of the LMA provision prohibiting the trustee from unreasonably withholding consent to refinancing.
"[T]he courts of one State may not decide issues directly affecting title to real property located in another State" (Posner v Handelsman, 179 AD2d 723, 723 [2d Dept 1992]; Johnson v Dunbar, 114 NYS2d 845, 849 [Sup Ct Kings County 1952], affd 282 AD 720 [2d Dept 1953], affd 306 NY 697 [1954]). Although a court with personal jurisdiction over the parties may adjudicate their rights with respect to foreign realty (see Isaly v Devlin, 139 AD3d 470, 470 [1st Dept 2016]), plaintiffs cite no authority allowing an out-of-state foreclosure sale to be enjoined (see Fielding v Drew, 94 AD2d 687, 687 [1st Dept 1983] [RPAPL § 1301 does not support stay of Maryland judicial foreclosure]; see also Carpenter v Black Hawk Gold Min. Co., 20 Sickels (65 NY) 43, 52 [1875] ["no ground for equitable interference" with a foreclosure sale of Colorado property without proof of conflict with Colorado law]; Central Gold Mining Co. v Platt, 3 Daly 263, 273-274 [Ct Common Pleas of City & County of NY 1870] [same]). Contrary to plaintiff's argument, its one-sided agreement to submit to personal jurisdiction in New York does not confer upon the New York courts a contractual right to enjoin an out-of-state foreclosure sale.
In any event, plaintiff did not "clearly show[]" that its "rights are being or will be violated" (Tenn R Civ P 65.04[2]), as required to demonstrate a probability of success on the merits (Moody v Hutchinson, 247 SW3d 187, 199 [Tenn Ct App 2007]). The claim that defendants unreasonably withheld consent to refinancing is belied by the record, which shows [*2]that defendants requested details concerning the new lender's appraisal, plaintiff's request to assign Note B to an entity sharing common ownership with it, and plaintiff's tardy admission that the refinancing package was also to be secured by a second property for which plaintiff had not provided an appraisal. Contrary to plaintiff's contention, defendants did not initially consent by issuing loan payoff estimates that expired the same day they were issued. Issues of fact concerning whether defendants unreasonably withheld consent, or waived the requirement to pay rents into the lockbox, are not sufficient under Tennessee law to warrant an injunction (Moody, 247 SW3d at 199-200; accord Milton v Harness, 2017 WL 837704, at *4 [Tenn Ct App 2017]; see also Essa Realty Corp. v J. Thomas Realty Corp., 70 AD3d 483, 483 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK