| |
|---|
| **Illinois Land Invs. III LLC v Chicago WB Invs., LLC** |
| 2024 NY Slip Op 31165(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653795/2022 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>**HON. GERALD LEBOVITS**</u>

*Justice*

        **PART**                     **07**

---------------------------------------------------------------------------------X

ILLINOIS LAND INVESTORS III LLC,

                    Plaintiff,

                    - v -

CHICAGO WB INVESTORS, LLC,

                    Defendant.

---------------------------------------------------------------------------------X

**INDEX NO.**      <u>653795/2022</u>

**MOTION SEQ. NO.**   <u>002 003</u>

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44

were read on this motion for          <u>        LEAVE TO REARGUE        </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73

were read on this motion to            <u>        STRIKE PLEADINGS        </u>.

*Rothman Firm LLC*, New York, NY (Jordan I. Rothman of counsel), for plaintiff.
*Tarter Krinsky & Drogin LLP*, New York, NY (Jonathan E. Temchin of counsel), for defendant.

Gerald Lebovits, J.:

      This action arises from a dispute related to a real-estate-development project in Kendall County, Illinois.[1] Plaintiff, Illinois Land Investors III LLC, sued defendant, Chicago WB Investors, LLC, in this court, alleging that defendant is failing to ensure that plaintiff receives development-related proceeds to which plaintiff is assertedly entitled under the parties' agreement. In connection with this action, plaintiff recorded a notice of pendency on the underlying property with the county recorder for Kendall County.

      On a prior motion in this action, this court denied defendant's motion seeking an order vacating the Illinois notice of pendency. (*See Illinois Land Investors III LLC v Chicago WB Investors, LLC*, 2023 NY Slip Op 50919[U], at *1-3 [Sup Ct, NY County 2023].) This court held that it lacked authority to direct an Illinois county official—who has not been served in this action—to modify local Illinois property records by cancelling the notice of pendency. (*Id.* at *2-3.) The court also denied defendant's motion to dismiss plaintiff's third cause of action. (*Id.* at *3-4.) Defendant had treated that cause of action as coextensive with the filing of the notice of

---

[1] The underlying development agreement has a forum-selection clause designating New York County as the proper forum to bring actions or proceedings relating to the agreement.

pendency, such that the cause of action failed due to the asserted invalidity of the notice. This court held that the request to dismiss that cause of action must be denied because it also included a claim for injunctive relief that defendant's papers did not address. (*Id.* at *4.) But the court expressly left open whether "the request for injunctive relief would necessarily survive a motion to dismiss." (*Id.*)

On motion sequence 002, defendant moves for leave to reargue this court's prior order and moves, in effect, to dismiss plaintiff's third cause of action. On motion sequence 003, plaintiff moves under CPLR 3124 to compel discovery; defendant cross-moves under CPLR 3124 to compel and also cross-moves under CPLR 3025 (b) to amend its answer and counterclaims and join new parties as counterclaim defendants.

Defendant's request for leave to reargue is granted; on reargument, this court adheres to its prior decision. Defendant's request to dismiss plaintiff's third cause of action is granted. The parties' respective motion and cross-motion to compel are denied as academic. Defendant's request for leave to amend is granted.

## DISCUSSION

### I.    Defendant's Motion for Leave to Reargue and for Dismissal (Mot Seq 002)

### A.  The Branch of the Motion Seeking Leave to Reargue

Defendant moves first for leave to reargue this court's refusal on the prior motion to vacate the Illinois notice of pendency. In seeking this relief, defendant concedes that this court lacks authority to vacate the notice directly. Instead, defendant relies on the principle, which this court's prior order acknowledged (*see Illinois Land Investors*, 2023 NY Slip Op 50919[U], at *3 n 3) that when a court has personal jurisdiction over a party, it may direct the party to act with respect to out-of-state property. (*See* NYSCEF No. 34 at 6 & n 2.) Defendant asks this court to "exercise its equitable power to direct plaintiff to cancel the lis pendens." (*Id.* at 6 [capitalization omitted].)

Strictly speaking, this request represents a new argument—ordinarily not the proper subject of a motion for leave to reargue under CPLR 2221 (d). But an obvious connection exists between this request and the prior motion to vacate the notice of pendency. This court's prior order also expressly noted that the relief defendant now seeks might be available. The court agrees that granting leave to reargue is warranted. But on reargument, this court adheres to its original ruling.

The difficulty with defendant's argument is that its motion does not present the more typical scenario, in which a court is asked to order a party to act with respect to out-of-state property that the party owns—for example, to sell the property under the terms of a divorce decree. (*See e.g. Ralske v Ralske*, 85 AD2d 598, 599 [2d Dept 1981].) Instead, defendant asks the court to direct plaintiff, in effect, not only to seek but also to obtain relief from an Illinois municipal agency (the Kendall County recorder's office). This court does not know whether,

[* 2]

under Illinois law, plaintiff could obtain withdrawal or vacatur of the notice of pendency were plaintiff to request that relief.[2] Nor does defendant attempt to establish that plaintiff could do so.

The court declines to exercise its equitable authority to order a party to obtain relief that may not even be available in the first place. (*Cf. Posner v Handelsman*, 179 AD2d 723, 724 [2d Dept 1992] [holding that the motion court exceeded its authority "by requiring the parties to comply with the prior order which directed a judicial sale of the Connecticut property pursuant to the 'customs and practices' of the New York court].) Defendant's proper remedy is instead to bring an action or proceeding in the Illinois court having jurisdiction over Kendall County to cancel the notice of pendency recorded there.[3]

**B. The Branch of the Motion Seeking Dismissal of Plaintiff's Third Cause of Action**

Defendant also moves to reargue this court's denial on the prior motion of defendant's request to dismiss plaintiff's third cause of action. Defendant raises new arguments for why dismissal should be granted. Again, that would ordinarily exceed the proper scope of reargument. But given that the parties have fully briefed the issue, and that a party may bring a CPLR 3211 (a) (7) motion to dismiss at any time, the court reaches the merits of defendant's request in the interests of economy.[4] The request for dismissal is granted.

With respect to the aspect of the third cause of action seeking a declaration that plaintiff's Illinois notice of pendency is valid, this court agrees with defendant that this request is not justiciable. New York courts may properly "decline to entertain jurisdiction where the action seeks to adjudicate title to real property outside the state." (*Sarrica v Sarrica*, 41 AD2d 613, 613 [1st Dept 1973].) That is, where the relief sought does not "act[] directly on the person" who is subject to the court's jurisdiction, but rather "directly determines the title to real estate located outside the state," an action for a declaratory judgment does not lie. (*Johnson v Dunbar*, 114 NYS2d 845, 850-851 [Sup Ct, Kings County 1952], *affd* 282 AD 720 [2d Dept 1953], *affd* 306 NY 697 [1954].)

Here, the declaratory-judgment branch of plaintiff's third cause of action pertains only to the validity (or not) of the notice of pendency—*i.e.*, whether title to the property at issue was validly clouded by plaintiff's actions. That determination, which goes only to the title of the Illinois land, would be improper for this court to render. And plaintiff does not provide any contrary authority. Plaintiff quotes from the motion court's decision in *Johnson v Dunbar*, discussed above. (NYSCEF No. 38 at 4.) But the court in that case *declined* to issue a

---

[2] Indeed, it is not clear to the court that plaintiff could do so with respect to a notice of pendency filed in a *New York* county, at least under the circumstances of this case. (*See* CPLR 6514 [e].)

[3] As this court noted in its prior order (*see Illinois Land Investors*, 2023 NY Slip Op 50919[U], at *3 n 4), any attempt by plaintiff to enforce the agreement's forum-selection clause to defeat that action would be suspect because it would deny plaintiff a meaningful forum to challenge the notice's validity. And, given plaintiff's successful opposition in this action to defendant's motions about the notice of pendency, reliance on the forum-selection clause would likely be barred by judicial estoppel, as well.

[4] Plaintiff does not contend that reaching the merits would be inappropriate.

3

declaration, holding that doing so would exceed the court's authority. (*See* 114 NYS2d at 851.) Similarly, in *Westchester Mtge. Co. v Grand Rapids & Ionia R.R. Co.* (246 NY 194, 201-203 [1927]), also quoted by plaintiff (NYSCEF No. 38 at 4-5), the Court of Appeals modified the final judgment in the case to *remove* a declaration about the enforceability of a lien on Rhode Island property in the Rhode Island courts, because granting that declaration was an improper exercise of the New York courts' authority to issue declaratory judgments.

This court reaches the same conclusion with respect to plaintiff's effort to obtain a declaratory judgment here *in favor of* its notice of pendency as the court did above with respect to defendant's effort to obtain an order here that would lead to the *removal* of the notice: Disputes over the validity of a notice of pendency recorded in Kendall County, Illinois, against Illinois property, should be heard in the courts of Illinois, not the courts of New York.

With respect to the aspect of plaintiff's third cause of action that seeks permanent injunctive relief, this court agrees with defendant that this branch of the claim is subject to dismissal. The allegations in the complaint in support of this cause of action, even as supplemented on this motion by the affidavit of plaintiff's principal, are insufficient to show that absent the grant of an injunction, plaintiff would suffer injury not compensable in money damages.

## II.    The Parties' Motion and Cross-Motion (Mot Seq 003)

On motion sequence 003, plaintiff moves to strike defendant's answer or to compel defendant to respond to plaintiff's discovery requests. Defendant cross-moves to compel. Defendant also seeks leave to amend its answer and counterclaims and to join additional counterclaim defendants.

As an initial matter, both plaintiff and defendant represent that they have now responded to the other side's discovery requests. Neither party takes issue on this motion with the sufficiency of the other's production. The motion to strike or compel, and the branch of the cross-motion seeking to compel, are therefore denied as academic.

The remaining issue is whether defendant should be permitted to amend its answer and counterclaims and to join new parties. Defendant contends that it recently learned that plaintiff was not organized as a Delaware LLC until *after* the parties had entered into the underlying development agreement—which, according to defendant, renders the agreement void. It seeks a declaratory judgment to that effect; and, in the alternative, to hold plaintiff's principals individually liable for defendant's claimed damages on its counterclaims.

Leave to amend under CPLR 3025 (b) is freely granted: Absent prejudice or surprise, leave should be denied only if the nonmovant establishes that the proffered amendment is "palpably insufficient or clearly devoid of merit." (*Fairpoint Cos., LLC v Vella*, 134 AD3d 645, 645 [1st Dept. 2015] [internal quotation marks omitted].)

In opposing the cross-motion, plaintiff emphasizes defendant's significant delay in seeking leave to amend. But the only *prejudice* plaintiff identifies is that it has already incurred

4

[* 4]

"a significant expense of resources" in litigating the action so far "without the instant matters ever being advanced by defendant." (NYSCEF No. 69 at 3.) That claimed prejudice is not enough, absent a showing that plaintiff has *also* "been hindered in the preparation of his case or has been prevented from taking some measure in support of his position."[5] (*Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652, 655 [1st Dept 2009] [internal quotation marks omitted].)

Plaintiff also argues that the proposed amendment is palpably insufficient because the lack-of-capacity argument underlying the amendment is, plaintiff contends, foreclosed by the incorporation-by-estoppel doctrine. (*See* NYSCEF No. 69 at 4-5.) This court disagrees. The court does not resolve the ultimate merits of plaintiff's estoppel defense to defendant's proposed counterclaims. But the court is not persuaded, on the current record, that plaintiff has shown definitively that those counterclaims are meritless—as required to warrant denial of leave to amend.

Accordingly, it is

ORDERED that the branch of defendant's motion seeking leave to reargue this court's denial of vacatur of the notice of pendency (mot seq 002) is granted, and on reargument this court adheres to its prior decision; and it is further

ORDERED that the branch of defendant's motion seeking, in effect, dismissal of plaintiff's third cause of action under CPLR 3211 (a) (7) (mot seq 002) is granted, and the third cause of action is dismissed; and it is further

ORDERED that the balance of the claims and counterclaims in this action are severed and shall continue; and it is further

ORDERED that plaintiff's motion to compel discovery (mot seq 003) is denied as academic; and it is further

ORDERED that the branch of defendant's cross-motion seeking to compel discovery (mot seq 003) is denied as academic; and it is further

ORDERED that the branch of defendant's cross-motion seeking leave to amend (mot seq 003) is granted; and it is further

ORDERED that upon service of a copy of this order with notice of its entry, defendant's proposed amended answer with counterclaims, in the form appearing at NYSCEF No. 66, shall be deemed defendant's operative pleading in this action; and it is further

---

[5] Plaintiff also argues that because defendant's answer, as initially filed, did not raise a lack-of-capacity defense, defendant has waived its right to amend its answer to assert lack-of-capacity-based counterclaims. (*See* NYSCEF No. 69 at 3-4.) This argument, for which plaintiff provides no on-point authority, is unpersuasive.

ORDERED that defendant shall serve a supplemental summons on the additional counterclaim defendants within 20 days of service of notice of entry; and it is further

ORDERED that plaintiff may reply to defendant's amended counterclaims within 20 days from service of the supplemental summons; and it is further

ORDERED that defendant shall serve notice of entry on defendant; on the office of the General Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall update its records accordingly and amend the caption to the form appearing in the amended answer with counterclaims at NYSCEF No. 66; and on the office of the County Clerk (by the means in the court's e-filing protocol), which shall update its records accordingly.

HON. GERALD LEBOVITS
J.S.C.

**4/4/2024**
**DATE**

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

6

[* 6]